UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

H. RICHARD AUSTIN, :
:
    Plaintiff, :
:
v. : File No. 1:10-mc-85
:
HANOVER INSURANCE :
COMPANY & MASSACHUSETTS :
BAY INSURANCE COMPANY, :
:
    Defendants. :
:

MEMORANDUM AND ORDER
(Doc. 1)

Plaintiff H. Richard Austin (Austin), proceeding pro se, filed a motion for leave to file a complaint, Doc. 1, on September 20, 2010, seeking to bring an action stemming from a fire that destroyed Austin's home in Warren, Vermont on November 12, 1993. In a prior action, Austin v. Downs, Rachlin & Martin, 1:06-cv-38, this Court entered a protective order requiring Austin to move for leave prior to initiating a further action because Austin had attempted four times to challenge the scientific evidence in his initial case. As recently as June 2010, Austin asked the Court for leave to file another complaint. Austin's current proposed complaint against Hanover Insurance Company and Massachusetts Bay Insurance Company (collectively, defendants) is styled as an "independent action in equity" under Fed. R. Civ. P. 60(d)(1).[1]

---

[1] Rule 60(d)(1) provides: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding."

In entering the protective order, this Court informed Austin it would review a motion for leave to file a complaint, and "if it appears that the proposed action is repetitive, meritless, frivolous, malicious, intended to harass or otherwise barred," the Court will deny leave. Austin v. Downs, Rachlin & Martin, 1:06-cv-38, 2006 WL 2585102, at *3 (D. Vt. Aug. 24, 2006). Four years later, on August 24, 2010, this Court denied Austin leave to file a complaint under Fed. R. Civ. P. 60(d)(3) alleging "fraud upon the court," finding the proposed complaint was "indeed repetitive, meritless and frivolous, if not malicious and intended to harass." Austin v. Hanover Ins. Co., 1:10-mc-46, 2010 WL 3338185, at *1 (D. Vt. Aug. 24, 2010). The Court further warned him "he 'is placed on notice that future frivolous or vexatious litigation will expose him to the imposition of penalties, such as monetary sanctions.'" Id. (quoting Austin v. Downs, Rachlin & Martin, 270 F. App'x 52, 54 (2d Cir. 2008)).

The Court finds Austin's current proposed complaint is also meritless and frivolous. Austin has appealed decisions of this Court to the Second Circuit five times, see Austin v. Downs, Rachlin & Martin, 270 F. App'x 52, 53 n.1 (2d Cir. 2008), and has also tried his luck in the District of Massachusetts and First Circuit. See Austin v. Douglas G. Peterson & Assocs., No. 09-1099, slip op. (Nov. 10, 2009) (affirming dismissal on the basis of failure to state a claim, as well as res judicata and the state statute of limitations). In his proposed complaint, Austin argues the "defendant insurers perpetrated both constructive and actual fraud in the original action . . . . Relying on their superior knowledge and the vague wording of the

2

subject homeowners policy, they misrepresented key sections of the policy in order to manipulate improperly the insured parties and fabricate false grounds of forfeiture." Doc. 1-1 ¶ 1 at 1.  Specifically, Austin alleges defendants perpetrated the fraud by misusing the "key 'cooperation clauses' of the subject policy."  Id. ¶ 6 at 2.  This is the same argument Austin made in a motion for judgment as a matter of law filed in the original action in 1997 and attached to Austin's proposed complaint.  See id. at 8 ("[I]n connection with the 'cooperation clause(s)' of the policy, Defendants [Hanover Insurance Company and Massachusetts Bay Insurance Company] perpetrated both constructive and actual fraud.").  Accordingly, Austin's claims of fraud are barred by res judicata as they were raised in the trial court and were or could have been raised on direct appeal.  See St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (citation omitted).

Austin's motion for leave to file complaint, Doc. 1, is DENIED.  If Austin attempts to commence a further meritless action regarding the 1993 fire in this Court again, he will be penalized:  the Court will order monetary sanctions.[2]

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of October, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge

---

[2] He has been warned numerous times.  See Austin, 2010 WL 3338185, at *1; Austin, 270 F. App'x at 54.

3